Fuchsberg, J.
(dissenting). When Dean Prosser suggested that proximate cause may at times seem to be "nothing more than a convenient formula for disposing of the case”, he also observed that the existence of proximate cause must " 'be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy and precedent’ ” (Prosser, Law of Torts [4th ed], § 42, pp 267, 249).
The generality of both these statements recognizes that torts is a branch of the law in which the decisional process is *953 usually so dependent on the vagaries of particular facts in individual cases that it calls for a high degree of flexibility in judgment (see Pound, Introduction to the Philosophy of Law, 139). Thus, disputes as to whether conduct is negligent, contributorily - negligent or the proximate cause of an injury are usually best left to the fact finder. Since the record here convinces me that this case falls well within the range of these cautions, I believe the Trial Judge did not err as a matter of law in leaving the issue of proximate cause to the jury.
Ample was the proof that, to the knowledge of the rental company, the trunk door on the automobile it furnished to the plaintiff had a penchant for flying open so as to obstruct the operator’s view while the vehicle was moving. Given those facts, it was not only foreseeable, but a most reasonable rather than a remote expectation, that a driver confronted by such an emergency would alight and promptly proceed to the rear of the car to attempt to secure the lid manually so that he might continue on his way without further danger to others and himself. The seemingly ineluctable consequence was to expose the driver to the danger of being struck by another vehicle while he was positioned behind the trunk. On these facts, it could readily be found, as the jury apparently did here, that the choice between the alternatives — the danger from the obstruction of the driver’s view from the vehicle and the danger of being struck while engaged in the act of removing the danger — was thrust on the plaintiff by Kinney’s negligence. Of course, whether in making the choice he did plaintiff himself was negligent similarly raised a factual issue within the province of the jury.
To be sure, at other times and for other reasons, the plaintiff may have had occasion to undergo similar risks while in a roadway on foot, but the fact remains that defendant’s conduct increased the occasions for such risks: specifically, the one on which plaintiff was injured would not have transpired. To paraphrase what Judge (later Chief Judge) Crane said for a unanimous court in O’Neill v City of Port Jervis (253 NY 423, 431-432 [the defendant’s obstruction of a sidewalk had led a pedestrian to enter the roadway]), if the defendant "had been there and forced [Ventricelli] into the wheels of traffic, no doubt would exist in the minds of any one as to liability for consequences. Is the conclusion any different because necessity, and not force, is the moving cause? [Kinney] created the *954 necessity which led to danger. * * * The accident would not have happened but for the [defective trunk lid].”
Moreover, I perceive no sufficient reason to depart from these principles because the plaintiff, before exiting from the car to make the trunk adjustment, thought it preferable to park the car at an available spot in the curb lane instead of the middle lane of the block of New York City’s busy and narrow Pell Street, where he found himself when the trunk suddenly sprung open. In either case, he was where he could be expected to be — in the roadway with his attention diverted by the trunk on which he was working. Those who drive along a curb lane or pull in or out of one for the purpose of parking are not necessarily more careful or more observant than those to be found in an inner lane. In any event, being at most but a quantitative factor which did not detract from the qualitative risk, it was peculiarly one for consideration by the jury under all the circumstances and not a basis for determination as a matter of law.
All this is not to say that the jury had to find that there was a reasonable likelihood of danger resulting from the act of which plaintiff complains. It could have found that there was not. But, by its verdict it did in effect find that the accident that caused the plaintiff to lose his leg was at least in part the "ordinary and natural result” of the defendant’s negligent act. And that it also had a right to do. (O’Neill v City of Port Jervis, supra, p 432.)
I therefore would vote to reverse the order of the Appellate Division and remit the case to it for the determination of any remaining questions.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur; Judge Fuchsberg dissents and votes to reverse in a separate opinion.
Order affirmed in a memorandum, with costs to respondents-appellants Kinney against appellant-respondent Ventricelli and third-party respondents American.